Ritz *v.* Music, Incorporated, Appellant.

Argued November 14, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Harold R. Schmidt,* with him *Rose, Rose & Houston,* for appellant.

*Guy L. Warman,* with him *John A. Metz, Jr., James P. Ifft, Jr.,* and *Metz, Cook, Hanna & Kelly,* for appellee.

OPINION BY GUNTHER, J., March 18, 1959:

This was an action in assumpsit brought to recover damages for wrongful repudiation of an agency agreement. An answer and counterclaim for damages for breach of non-competition clause were filed. A jury returned a verdict for $3,500.00 in favor of the plaintiff; it also found in favor of the plaintiff on the counterclaim. Motions for judgment n.o.v. and new trial were refused by the court en banc.

From the evidence, we find that the defendant, Voco-Tele-Music Corporation, was in the business of supplying music to business establishments by telephone, and Alfred R. Ritz, plaintiff, began to work for the corporation in 1946. On May 9, 1951, the parties entered into a written contract of employment to run from June 1, 1951 to May 31, 1956. The contract also provided that for a period of five years after its termination, Alfred R. Ritz would refrain from engaging in any activity similar to or in competition with defendant's business. Under the contract defendant

agreed to pay plaintiff 10% of net monthly payments made by customers secured by plaintiff and $25.00 per week as an expense allowance. Plaintiff agreed to devote a fair and reasonable amount of his time to defendant's business and not to engage in any other employment. In May, 1952, Mr. Ritz and his wife purchased a motel to which he devoted some of his time. On December 20, 1953, defendant refused to pay Alfred R. Ritz his commission for November, 1953 and discharged him. On November 8, 1954, Alfred R. Ritz began to work for radio station WKJF, a competitor.

At the trial, Ritz waived any right to the weekly expense allowance for the unexpired term of the contract.

The jury awarded $3,500.00 on the basis of the thirty-one month period remaining after the breach.

Is defendant entitled to a new trial?

The motion for a new trial is upon the profits received by plaintiff from the motel business; the profits exceeded the amount of the verdict. Defendant also argues that plaintiff's participation in the motel business breached the contract.

The evidence discloses that the contract with Voco-Tele-Music required Ritz to devote only a fair and reasonable portion of his time to the music business. Did the motel business interfere with music business? If it did not, there could be no violation of any duties under the contract, and the profits from the motel activity could not be properly considered in mitigation of damages. If the evidence had disclosed that the profits were earned by reason of the time and ability which plaintiff had contracted to give to the music corporation, then, of course, such profits could be considered in mitigation of damages. Where the services, as in instant case, are defined in the contract and are consistent with other activities and do not occupy all

of the employe's time, there is no violation of the contract.

The plaintiff's services under the contract were not inconsistent with his activities as a motel operator. The evidence does not reveal that the profits from the motel business were in any way derived by reason of the time which Ritz had agreed to give to the music business. The lower court, therefore, did not err by instructing the jury that if they found that the defendant wrongfully discharged the plaintiff, the defendant was not entitled to damages for plaintiff's breach of the covenant not to compete. In *Farrell v. H. Platt Co.*, 142 Pa. Superior Ct. 242, 15 A. 2d 718, this Court held that any material failure of performance by one party not justified by the conduct of the other, discharges the latter's duty to perform under the contract. Ritz was discharged 31 months before the end of the contract. If the jury found that defendant breached the contract, the plaintiff would be discharged from fulfilling any further obligations. Where a principal wrongfully discharges an agent prior to the expiration of the contract of agency, the agent is relieved of a covenant to not compete.

Defendant also contends that plaintiff's damages should have been reduced by the amount which plaintiff could have earned in similar employment. This contention would be correct if the evidence had disclosed that Ritz could have secured similar employment by the exercise of reasonable diligence and did not do so. No evidence, however, was presented that similar employment was available from the date of plaintiff's discharge until he was employed by station WKJF.

We have considered all of the reasons set forth by defendant and find no basis for a new trial.

Judgment is affirmed.