**AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, a Massachusetts corporation, Plaintiff,**

v.

**Stephen KOSAN, an individual and Ritenour & Bradley Insurance Agency, Inc., a Pennsylvania corporation, Defendants.**

**Civ. A. No. 84–589.**

United States District Court,
W.D. Pennsylvania.

April 5, 1984.

Jeffrey P. Ward, Grigsby, Gaca & Davies, P.C., Pittsburgh, Pa., for plaintiff.

William L. Garvin, McKeesport, Pa., for defendants.

## MEMORANDUM OPINION AND PRELIMINARY INJUNCTION

WEBER, District Judge.

This is a suit for injunctive relief to enforce a noncompeting and trade secret protection clause in the employment contract of a former employee. The employee was an insurance salesman. As such he had a "book" of the employer's accounts which he serviced, some supplied him at the time of his employment, others added thereto by sales made by him. This information informed him of coverage, premiums, renewal and expiration dates and other information extremely useful to one who wishes to sell insurance.

The employment contract said that all this information was the exclusive property of the employer, and was to be held confidential. Employee agreed not to disclose or use this material on termination of his employment.

The agreement also recited that for a period of 18 months following termination of the agreement, employee would not, directly or indirectly

a) be licensed to act as agent, advisor, solicitor, salesman, sales representative for any other insurance firm in the same line or lines of business located within 50 miles of his former employer's office;

b) procure, solicit, accept, refer or encourage the discontinuance of policies or applications for insurance from any person which was insured by employer and serviced by the office to which employee was assigned at any time during the 18 months prior to his termination. The contract provided that these clauses might be enforced by injunctive relief.

A hearing was held on application for temporary restraining order on March 12, 1984 and the order was entered. A hearing was held on a motion to continue the Temporary Restraining Order as a preliminary injunction on March 15, 1984, and it was continued pending receipt of briefs.

The testimony taken at the hearing showed that defendant Kosan was a former employee of plaintiff, that he had received prior warnings of his failure to meet his sales quotas, that he was discharged, that he accepted his discharge as being for cause, that plaintiff employer raised no objection to his application for unemployment compensation on the grounds that his termination was voluntary, and that he is now employed by a competing insurance agency on a part-time basis doing some types of general service activity for co-defendant Ritenour & Bradley Insurance Agency, Inc. Plaintiff produced evidence that defendant Kosan had contacts with former policyholders of plaintiff that he serviced as part of his "book" while employed by plaintiff, and that at least five of these former policyholders had contracted for new insurance with Ritenour & Bradley Insurance Agen-

cy, Inc., since Kozan's termination by American Mutual, which accounts generated approximately $72,000 annual premium income to American Mutual.

We find that the contracts are reasonable as to time and geographic area. We find the damage to plaintiff from breach to be irreparable injury. We find that the contracts are reasonably necessary for the protection of plaintiff's property interests and good will, and that the harm inflicted upon plaintiff from failure to enforce is greater than the harm imposed on defendant from its enforcement, and that plaintiff has a reasonable probability of success on the merits of its complaint.

Defendant's principal argument is that the contract is not enforceable under Pennsylvania law because the defendant Kozan's employment was involuntarily terminated. They cite a Pennsylvania County Court case to that effect, *Judge Associates, Inc. v. Belchen*, 71 D & C 2d 112 (Phila.Co. 1975), but the result of that case was due to the fact that the specific language of the non-competing agreement made it applicable only in the event that the employee voluntarily terminated his employment.

Other cases from the Pennsylvania Appellate courts have refused enforcement by an employer where there is a clear breach of the employment contract by the employer, a wrongful discharge. *Boldt Machinery & Tools, Inc. v. Wallace*, 469 Pa. 504, 366 A.2d 902 (1976), a plurality opinion found the territorial restraint overbroad, the five year period reasonable. There is no holding that involuntary termination of employment makes the clause unenforceable. The injunction was modified in part.

*Miles v. Metzger*, 316 Pa. 211, 173 A. 285 (1934), has nothing to do with this case, only reciting the general principle that one who breaches a contract cannot take advantage of the breach in enforcement.

*Ritz v. Music, Inc.*, 189 Pa.Super. 106, 150 A.2d 160 (1959), says that where a principal wrongfully discharges an agent prior to the expiration of the term of the contract, the agent is relieved of his cove-

nant not to compete. The action was one in assumpsit for wrongful discharge. The defendant employer pleaded the breach of the covenant not to compete as a counterclaim. The jury found for the plaintiff holding the discharge in violation of the contract and the Superior Court affirmed the judgment, holding that the finding of wrongful discharge relieved the employee of other obligations.

The evidence in this case revealed no wrongful discharge. The employee Kozan knew from prior warnings that he was under probation and acknowledged the discharge as justified at the time of this termination. We find no wrongful breach of the employment contract that would justify refusal to enforce the non-competing agreement.

NOW, this *5th day of April 1984*, after hearing thereon IT IS ORDERED that the temporary restraining order issued on March 12, 1984, and continued after hearing on March 15, 1984 is now continued in effect as a preliminary injunction until a final hearing on this case, unless modified by further order of this court during the pendency of this action. The Bond previously posted shall remain in effect.